UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES R.,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | CASE NO. 3:20-cv-05670-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found multiple sclerosis is a severe impairment; Plaintiff has the residual functional capacity (RFC) to perform sedentary work with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 18-26.

Plaintiff contends the ALJ erred by misevaluating two medical opinions, failing to give valid reasons to discount Plaintiff's testimony, and making erroneous step five findings. Dkt. 19. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

# DISCUSSION

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A. Medical Opinions**

Plaintiff filed his disability claims in 2018. The regulations effective March 27, 2017, (20 C.F.R. §§ 404.1520c(c), 416.920c(c)), require an ALJ to specifically articulate and account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. 20 C.F.R. §§ 404.1520c(a), (b),416.920c(a), (b). Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. ); *See, e.g.*, *Kathleen G. v. Commissioner of SSA*, 2020 WL 6581012 (W.D. Wash., Nov. 10, 2020), at *3 (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). The Court assessed the ALJ's treatment of the medical evidence in this case, with the forgoing in mind.

Plaintiff argues the ALJ failed to give legally sufficient reasons to discount the opinions of Dennis Haack, M.D., and John Huddlestone, M.D. Dkt. 19 at 8-13. Dr. Haack examined Plaintiff on September 21, 2018, and opined, among other things, Plaintiff "could stand and/or walk less than two hours in an eight-hour workday" and "should limit working at heights and in extreme temperature." Tr. 23. Dr. Huddlestone, Plaintiff's treating neurologist, opined Plaintiff "was unable to work because of residual neurological defects from multiple sclerosis." *Id.* The ALJ discounted both doctors' opinions as inconsistent with the medical evidence and Plaintiff's activities. *Id*.

Plaintiff contends the ALJ erred by interpreting imaging results showing a lack of active demyelination. The ALJ discounted both doctors' opinions on the ground that "brain and cervical spine MRIs showed no signs of active demyelination." Tr. 23. However, both doctors evaluated Plaintiff's imaging results and assessed a level of impairment greater than the ALJ. Therefore, in setting "forth his own interpretations," the ALJ was required but failed to "explain why they, rather than the doctors,' are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1999).

The ALJ also found the doctors' opinions were inconsistent with notations in the medical record that Plaintiff had full strength in the upper extremities, stable balance, speech and coordination. Tr. 23. But as Plaintiff notes this is a selective view of the evidence as the medical record also showed Plaintiff had problems with gait ataxia, balance, coordination, fatigue and memory issues. The ALJ's finding is thus not supported by substantial evidence and the ALJ accordingly erred.

Plaintiff further contends the ALJ erred in rejecting the doctors' opinions as inconsistent with his demonstrated functioning. Dkt. 19 at 11. The decision is not entirely clear whether this finding relates to how the ALJ discounted Plaintiff's testimony on the grounds he "engages in

activities that are consistent with the ability to perform sedentary work": "He prepares meals daily; does household chores, including cleaning and laundry; does yardwork; shops in stores; and goes on daily walks" and "handles his own hygiene and grooming." Tr. 22. Assuming the finding does relate to these activities, the Court finds the fact Plaintiff engaged in these minimal activities is not grounds to reject the doctors' opinions. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from h[is] credibility as to h[is] overall disability.") (citation omitted). Further, neither doctor opined Plaintiff was so limited that he could not even perform these minimal activities. Hence the activities do not contravene the doctors' opinions. Moreover, the record indicates Plaintiff's daughter frequently assists him with household chores and shops for him, indicating he needed help even with minimal daily activities. *See* Tr. 60, 62, 426. The ALJ accordingly erred in rejecting both doctors' opinions are inconsistent with Plaintiff's activities.

**B. Plaintiff's Testimony**

The ALJ found, Tr. 21, Plaintiff's impairments could reasonably cause the symptoms he claimed, and the ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence and Plaintiff's activities. Tr. 21-22. As discussed above, the ALJ erred in assessing both the medical evidence and whether plaintiff's activities are inconsistent with his limitations; the ALJ therefore also erred in rejecting Plaintiff's testimony on these grounds. The Court notes the ALJ indicates Plaintiff testified he fell due to leg numbness "five or six times in the last year and a half or so," but his treatment records did not note any falls. Tr. 21 (referring to Tr. 72). But Plaintiff's claims of falling on somewhat of a rare occasion is not a reasonable basis to reject his testimony. This is

not a case in which Plaintiff made claims of regular falls that cannot be squared with the medical record. The Court accordingly finds the ALJ erred.

The ALJ also appeared to discount Plaintiff's testimony on the ground Plaintiff does not take pain medication. Tr. 21. Plaintiff testified pain medication "all make [him] feel worse": "it would make me feel like I got hit by a freight train for a week before I can recover." Tr. 55. The ALJ in fact found Plaintiff "takes no medication because the ones he has tried made him feel worse." Tr. 21. An ALJ errs when a claimant has a good reason for not obtaining aggressive treatment. *See Carmickle v. Commiss'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) ("Carmickle testified that he does not take other pain medication because of adverse side effects . . . on this record Carmickle's minimal treatment is not a proper basis to find him not credible."). Here, Plaintiff testified as to pain medication's "adverse side effects" – which the ALJ did not reject. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

## CONCLUSION

Because the ALJ erroneously evaluated the medical evidence and Plaintiff's testimony, and necessarily erred at step five, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the medical opinions of Dennis Haack, M.D., and John Huddlestone and Plaintiff's testimony, develop the record and redetermine the RFC as needed, and continue to the remaining steps as appropriate.

DATED this 12th day of March, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge